IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| IN THE MATTER OF THE TAX INDEBTEDNESS OF<br><br>DEMETRIOS VOULGARELIS D/B/A<br>OLD ARMORY STEAK AND SEAFOOD | )  MISC. CASE NO.: 3:15-MC-00123-JFA<br>)<br>)<br>)<br>) |

**ORDER FOR ENTRY ON PREMISES TO SEIZE PROPERTY
AND LEASEHOLD, TO INVENTORY SEIZED PROPERTY,
AND TO CONDUCT A DISTRAINT SALE OF SEIZED PROPERTY**

**I.  INTRODUCTION**

The United States applies on behalf of its agency, the Internal Revenue Service ("IRS"), for an Order authorizing IRS Revenue Officer Christopher R. Webb and/or other designated employees of the IRS to seize and enter the premises occupied by Demetrios Voulgarelis d/b/a Old Armory Steak and Seafood, 514 Rutledge Street, Camden, South Carolina 29020, in order to: seize the business's property and leasehold, seize and inventory personal property, and to conduct a distraint sale of the seized property on said premises in satisfaction of unpaid federal taxes.

**II.  LEGAL STANDARD**

Section 6331(a) of the Internal Revenue Code of 1986 authorizes the IRS Secretary to collect taxes "by levy upon all property and rights to property" belonging to a person who neglects or refuses to pay any tax liability within ten days after notice and demand.  26 U.S.C. § 6331(a) (1988).  Section 6331(b) defines "levy" as including "the power of distraint and seizure by any means."  *Id.* § 6331(b).  "Both real estate and personal property, tangible and intangible, are subject to levy."  *G.M. Leasing Corp. v. United States,* 429 U.S. 338, 350, 97 S.Ct. 619, 50 L. Ed. 2d 530 (1977).

The procedure "authorizing entry is summary in nature" and made upon the Government's

*ex parte* application. *Matter of Campbell*, 761 F.2d 1181, 1186 (6th Cir. 1985). This proceeding should not be converted into an "adversary one or prolonged over a period of years while taxes presumptively due and owing remain uncollected." *United States v. Shriver*, 645 F.2d 221, 222 (4th Cir. 1981). The standard is whether "the application and supporting affidavit exhibit 'probable cause to enter, search for, and levy upon personal property in aid of summary collection of assessed and unpaid taxes." *Campbell* at 1186. Moreover, "hearings on applications for orders of entry are 'solely for the protection of the privacy interests' of the taxpayer whose premises are to be searched, and have 'nothing at all to do with the reasonableness or possible unreasonableness of a contemplated levy upon private property in aid of tax collection.'" *United States v. Kersten*, 155 F.3d 1177, 1178 (9th Cir. 1998).

I.R.C. § 6331(d) sets forth the notice requirements and its purpose is to afford a taxpayer sufficient notice of a seizure of assets so that the taxpayer may take appropriate action to protect his interests. Levies "may not be made on any 'property or right to property" unless the 'Secretary has notified such person in writing of their right to a hearing." 26 U.S.C. § 6331 (d)(1). Notice may be given in person, left at the dwelling or usual place of business of such person, or sent by certified or registered mail, return receipt requested, to such person's last known address, not less than 30 days before the day of the first levy. 26 U.S.C. §§ 6331(d)(2)(A),(B),(C). Finally, the "notice required under paragraph (1) shall include a brief statement which sets forth in simple and nontechnical terms-- . . . the administrative appeals available to the taxpayer with respect to such levy and sale and the procedures relating to such appeals." 26 U.S.C § 6331(d)(4)(C).

### III.   FACTUAL BASIS TO SUPPORT ENTRY

The Court finds that there is probable cause to believe that personal property or rights to personal property belonging to Demetrios Voulgarelis d/b/a Old Armory Steak and Seafood are subject to levy, including seizure and sale, by the United States, pursuant to I.R.C. Sections 6331 and 6335, and that such personal property or rights to personal property are located on or within the premises described; and this Court having jurisdiction pursuant to I.R.C. Section 7402(a). This finding is based on the Affidavit (with attachments) of IRS Revenue Officer Christopher R. Webb.

The Government presents sufficient evidence to indicate that the statutory requirements have been satisfied.  This includes the IRS Revenue Officer's factual assertions: that the IRS assessed tax, penalties and interest for specified periods ending from June 30, 2011, through March   2014; the taxpayer's refused to pay taxes; the IRS sent six (6) separate notices of its intent to Levy; and the taxpayer failed to object or otherwise appeal the Government's prior notices of its intent to Levy.

### IV.   CONCLUSION

**IT IS HEREBY ORDERED AND DECREED** that IRS Revenue Officer Christopher R. Webb and/or other designated employees of the IRS are hereby authorized to enter the premises located at 514 Rutledge Street, Camden, South Carolina 29020, for the purposes of: (1) levying, searching, and seizing the   personal property and leasehold of Demetrios Voulgarelis d/b/a Old Armory Steak and Seafood, 514 Rutledge Street, Camden, South Carolina 29020, as set forth in the Affidavit or otherwise authorized by I.R.C. § 6331, (2) inventorying all such property seized;

(3) to re-enter the premises described as is reasonably necessary for the accomplishment of said purposes, as well as for the further purpose of conducting a distraint sale of the seized property, pursuant to I.R.C. §§ 6331 and 6335; and (4) change the locks on the business' doors, and assume a 30 (thirty) day leasehold on the real property in which the business sits in order to conduct the distraint sale and return the premises to the owner of the real property. In making such searches, seizures, or inventories of property and in conducting such distraint sale or sales as may be reasonably required pursuant to this Order, such revenue officers are directed to enter the described premises only during normal business hours.

The IRS shall carry out this order within 30 (thirty) days of the entry of this order.

IT IS SO ORDERED.

April 9, 2015
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge